UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC,** | : | Civil Action No. 12-6945-MAS-DEA |
| Plaintiff, | : | |
| v. | : | MEMORANDUM |
| | : | AND ORDER |
| **JOHN DOES # 1-39,** | : | |
| Defendants. | : | |

This matter comes before the Court on a Motion to Dismiss/Sever, for a Protective Order and/or an Order Quashing Plaintiff's Non-Party Subpoena by John Doe # 8 [dkt. no. 7], a Motion to Sever, Quash and Dismiss by John Doe # 17 [dkt. no. 14], and a Motion to Sever, Quash and Dismiss by John Doe # 16 [dkt. no. 15]. Plaintiff Malibu Media, LLC ("Plaintiff") has opposed the Motions [dkt. nos. 11, 19, 20].

**I.**

As an initial matter, it appears to the Court that the arguments and defenses raised by the Parties are substantially the same as those addressed by this Court in Malibu Media, LLC v. John Does No. 1-30, No. 12-3896 (MAS), 2012 WL 6203697 (D.N.J. Dec. 12, 2012) (Arpert, J.). However, the Court has been asked to revisit its findings in Malibu Media, denying the motions to sever and/or dismiss, based on several recent decisions issued in the District of New Jersey. See Amselfilm Productions GMBH & CO. KG v. SWARM 6A6DC, Civ. No. 12-3865-FSH-PS, dkt. no. 12 (D.N.J. Oct. 10, 2012) (Hochberg, J.) (Order granting request to sever), Patrick Collins v. John Does 1-41, Civ. No. 12-3908-KSH-PS, dkt. no. 32 (D.N.J. Feb. 15, 2013)

(Hayden, J.) (Opinion granting motion to sever and dismiss).[1] Notwithstanding the analysis and reasoning in this Court's Malibu Media decision, the Court finds the recent authority persuasive.

In Amselfilm Productions, the plaintiff attempted to join 187 anonymous defendants. U.S. District Judge Faith S. Hochberg recognized that "permissive joinder may be appropriate where litigation economies can be gained" but ultimately concluded that was not the case "where 187 defendants are being sued in a single action, as it creates a severe strain on judicial resources." Amselfilm Productions, dkt. no. 12, at *3. Judge Hochberg concluded "that for permissive joinder to be appropriate and not to strain judicial resources, there must be a connection between the defendants beyond the copyrighted work and method of distribution, namely that defendants were involved in the same transaction with the same downloader at the same time." Id. There, Judge Hochberg declined to find the requisite connection for permissive joinder and ordered all claims against all defendants except John Doe # 1 be severed and dismissed without prejudice to re-file. Id.

Similarly, in Patrick Collins, the Plaintiff attempted to join 41 anonymous defendants. U.S. District Judge Katharine S. Hayden severed and dismissed all defendants except for John Doe # 1. Judge Hayden recognized the permissive nature of Rule 20 and ultimately concluded that severing and dismissing all defendants except for John Doe # 1 would best "promote case-management efficiency, judicial economy, and fairness." Id. at 5-6.

In this case, Plaintiff has joined 19 anonymous defendants. Upon further reflection and analysis of recent authority, the Court is concerned that its ability to efficiently manage the pretrial phases of this action with the present number of defendants could be compromised by permitting joinder, causing a strain on judicial resources. Moreover, the Court now shares the

---

[1] John Doe # 8's Reply Brief also cites a recent Order by U.S. Magistrate Judge Mark Falk, Third Degree Films, Inc. v. John Does 1-110, Civ. No. 12-5817-WJM-MF, dkt. no. 7 (D.N.J. Jan. 17, 2013) (Falk, J.) (Order denying motion for expedited discovery without prejudice).

concerns raised in <u>Amselfilm Productions</u>, and echoed in <u>Patrick Collins</u>, about the requisite causal connection needed to support permissive joinder under Rule 20. The Court, therefore, adopts the reasoning of those cases and, pursuant to Fed. R. Civ. P. 21, will sever and dismiss Plaintiff's claims against all defendants except John Doe # 1. Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party"); see also <u>Patrick Collins</u>, dkt. no. 32, at *4-5.

## II.

The Court having considered the papers submitted and the arguments of counsel pursuant to FED. R. CIV. P. 78, and for the reasons set forth above;

**IT IS** on this 28th day of March, 2013,

**ORDERED** that Plaintiff's claims against the John Doe defendants, other than John Doe # 1, are severed and dismissed without prejudice from this action; and it is further

**ORDERED** that that the subpoenas served by plaintiff on the Defendants' Internet Service Providers are quashed, except that the subpoena served on John Doe # 1's Internet Service Provider in order to determine John Doe # 1's identity remains in effective; and it is further

**ORDERED** that the motion of John Does # 7 to proceed anonymously is denied as moot.

s/ Douglas E. Arpert_____<br>
DOUGLAS E. ARPERT, U.S.M.J.